# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| LUIS VERA | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:25-CV-1728-S |
| | § | |
| STATE FARM AUTOMOBILE | § | |
| INSURANCE COMPANY | § | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Plaintiff's Motion to Remand ("Motion") [ECF No. 6]. The Court has reviewed and considered the Motion, Defendant's Response to the Motion ("Response") [ECF No. 13], and the applicable law. For the following reasons, the Court **GRANTS** the Motion.

## I. BACKGROUND

On May 7, 2025, Plaintiff Luis Vera filed suit against Defendant State Farm Automobile Insurance Company in the 95th Judicial District Court of Dallas County, Texas. *See* Pl.'s Original Pet. ("Petition") [ECF No. 1-2]. Plaintiff alleges that an underinsured motorist struck his vehicle while stopped at a red light and that he suffered "injuries and damages." *Id.* at 2; *see also id.* at 3 ("The negligence of the unknown driver in that automobile wreck was the proximate cause of bodily injuries and damages to Plaintiff[.]"). Plaintiff sued Defendant, seeking a declaratory judgment stating, among other things, that his injuries and damages are covered by his uninsured motorist policy and determining the amount of benefits he is entitled to under that policy. *Id.* at 3-7. Plaintiff sought monetary relief between $250,000 and $1,000,000 on the basis that the insurance policy covers his unspecified medical expenses, lost wages, physical pain and suffering, mental anguish, and physical impairment, among other damages. *Id.* at 1, 9.

Defendant removed the case, asserting that the Court has subject-matter jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000. Def.'s Notice of Removal [ECF No. 1] ¶¶ 2.1-3.1. Shortly after removal, Plaintiff filed the First Amended Petition, stating that he "seeks monetary relief of over $5,000, but not more than $75,000." Pl.'s First Am. Pet. ("Amended Petition") [ECF No. 5] 1. Subsequently, Plaintiff filed the Motion, in which he again stipulates that his claims do not exceed $75,000. Mot. ¶ 4.

## II. LEGAL STANDARD

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the district court embracing the place where such action is pending. 28 U.S.C. § 1441(a). "Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks and citation omitted). A federal court must presume that a case lies outside its limited jurisdiction, and the party asserting jurisdiction bears the burden of establishing the contrary. *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014) (citation omitted). Because removal raises significant federalism concerns, the removal statute is strictly construed, and any doubt about the propriety of removal jurisdiction is resolved in favor of remand. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007) (citations omitted). The two principal bases upon which a district court may exercise removal jurisdiction are: (1) the existence of a federal question, *see* 28 U.S.C. § 1331; and (2) complete diversity of citizenship among the parties, *see* 28 U.S.C. § 1332.

When a suit is removed on the basis of diversity, the removing party must establish by a preponderance of the evidence that: (1) the amount in controversy exceeds $75,000; and (2) all persons on one side of the controversy are citizens of different states than all persons on the other side of the controversy. *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 293 (5th Cir. 2019)

2

(citation omitted); *see also New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008) ("The party seeking to assert federal jurisdiction . . . has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." (citation omitted)). "[D]iversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996).

### III. ANALYSIS

#### A. Diversity of Citizenship

According to Defendant, the parties are diverse because Plaintiff is a Texas citizen and Defendant is an Illinois citizen. Def.'s Notice of Removal ¶ 2.1. Specifically, Defendant asserts that Plaintiff is a "citizen of the State of Texas" and that Defendant is an Illinois citizen because it is an Illinois corporation with its principal place of business in Illinois. *Id.*; *see Coury*, 85 F.3d at 249 ("A United States citizen who is domiciled in a state is a citizen of that state."); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citing 28 U.S.C. § 1332(c)(1) for the proposition that the citizenship of a corporation is each state in which it is incorporated and the state in which it has its principal place of business). Therefore, the diversity of citizenship requirement is met.

#### B. Amount in Controversy

In the Petition, which was the operative pleading at the time of removal, Plaintiff stated that he sought over $250,000. Pet. 1. However, Plaintiff argues that the Court should remand the case because it is not facially apparent from the Petition that the amount in controversy exceeds $75,000, he seeks damages of not more than $75,000 in his Amended Petition, and the insurance policy in dispute "is only for $30,000.00." Mot. ¶¶ 4, 10. Plaintiff further argues that Defendant has not introduced any evidence to show that the amount in controversy exceeds $75,000. *Id.* ¶¶ 10, 13. In response, Defendant asserts that the Court has subject-matter jurisdiction because: (1) "the

3

amount in controversy pled in Plaintiff's Original Petition was over $250,000"; and (2) "federal courts determine diversity and the amount-in-controversy at the time of removal, not by attempts to defeat diversity jurisdiction by later amending a petition." Resp. 1 (internal quotation marks omitted).

"[I]n declaratory judgment cases that involve the applicability of an insurance policy to a particular occurrence, the jurisdictional amount in controversy is measured by the value of the underlying claim[.]" *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002) (internal quotation marks and citation omitted). The amount in controversy is determined as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (citation omitted). "Moreover, once the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction." *Id.* (citation omitted). To determine whether the amount in controversy requirement is met, courts first look to whether the plaintiff has alleged a specific amount of damages in the petition. *See De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993) (citation omitted). "Where the plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (citation omitted). "[W]hen the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *Id.* (quoting *De Aguilar*, 11 F.3d at 58).

The removing defendant can meet its burden in one of two ways. First, the defendant's burden is met if it is facially apparent from the petition that the plaintiff's claims exceed $75,000. *Id.* Second, if the facially apparent test is not met, the removing defendant may provide "summary-judgment-type" evidence to prove that the claims exceed the jurisdictional threshold. *Id.* at 1336.

Once the defendant establishes that the amount in controversy exceeds $75,000, removal is proper unless the plaintiff shows that it is "legally certain" the plaintiff's recovery will not exceed the jurisdictional amount. *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 387 (5th Cir. 2009) (citation omitted).

Under Texas Rule of Civil Procedure 47, plaintiffs must categorize their damages within one of five predefined ranges. Rule 47 requires the selection of one of the following categories of monetary relief:

> (1) only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs;
>
> (2) monetary relief of $250,000 or less and non-monetary relief;
>
> (3) monetary relief over $250,000 but not more than $1,000,000;
>
> (4) monetary relief over $1,000,000; or
>
> (5) only non-monetary relief[.]

TEX. R. CIV. P. 47(c)(1)-(5). Plaintiff chose the range set forth in Rule 47(c)(3)—"over $250,000, but not more than $1,000,000." Pet. 1.

Because Plaintiff alleged a non-specific range of damages, Defendant must prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence. *See, e.g., Plunkett v. Companion Prop. & Cas. Ins. Co.*, No. 1:15-CV-474, 2016 WL 8931300, at *3 (E.D. Tex. Apr. 8, 2016) ("In situations where the petition alleges only a range of damages and not a specific amount in controversy, removal is proper if the removing party establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.00." (citation omitted)).

To determine whether Defendant has met its burden, the Court first examines the face of the Petition to determine whether the amount in controversy likely exceeds $75,000. *Allen*, 63 F.3d at 1335. In the Petition, Plaintiff claims generally that he "was injured and continues to suffer

5

injuries and damages" from the car accident. Pet. 2. Plaintiff broadly requests coverage under the policy for damages for unidentified past and future medical expenses, lost wages and earning capacity, past and future physical pain and suffering and mental anguish, and past and future physical impairment. *Id.* at 9. Plaintiff also seeks attorney's fees. *Id.* at 8. The Petition provides no further information on the monetary value of Plaintiff's underlying claim—for example, details regarding the alleged injuries, or the type, extent, and cost of medical treatment incurred. Plaintiff's nondescript general allegations do not make it facially apparent that the amount in controversy exceeds $75,000. *See, e.g., Zielinski v. Allstate Fire & Cas. Ins. Co.*, No. 3:22-CV-71-L, 2022 WL 2118981, at *5 (N.D. Tex. June 13, 2022) (noting that "boilerplate and conclusory allegations" do not make it facially apparent that the amount in controversy exceeds the jurisdictional threshold).

The Fifth Circuit has found that the facially apparent test was not met when a plaintiff pleaded similar non-specific injuries. *Compare Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850-51 (5th Cir. 1999) (finding complaint did not support diversity jurisdiction when plaintiff alleged, with little specificity, damages for a severely injured shoulder, soft-tissue injuries throughout her body, bruises, abrasions, unidentified medical expenses, and plaintiff's husband's alleged loss of consortium), *with Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (affirming district court's finding that claims exceeded $75,000 when plaintiff alleged damages for "property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization.").

Because it is not apparent from the face of the Petition that the amount in controversy exceeds $75,000, the Court looks to whether Defendant presented any summary-judgment-type evidence or any additional information to demonstrate that Plaintiff's claims likely exceed $75,000. Defendant has not provided any such evidence. Therefore, the Court concludes that

Defendant has not met its burden to establish subject-matter jurisdiction by a preponderance of the evidence. Moreover, given binding precedent that "[t]he removal statute is . . . to be strictly construed" and that "any doubt about the propriety of removal must be resolved in favor of remand," *Gasch*, 491 F.3d at 281-82 (citations omitted), the Court must remand for lack of subject-matter jurisdiction.

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion to Remand [ECF No. 6]. This case is **REMANDED** to the 95th Judicial District Court of Dallas County, Texas.

**SO ORDERED.**

SIGNED October 17, 2025.

*[signature]*

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**